BAKER, Chief Judge
(concurring):
On Issue I, I would reach the same result, but on narrower grounds, addressed to the specific circumstances of this case. When charged in tandem with a possession count for the exact same child pornography, I would agree that Appellant was not on fair notice that he may have committed an additional crime by viewing the very same pictures he was charged with possessing.
I also agree that those factors specifically delineated in United States v. Vaughan — the Manual for Courts-Martial, United States, ease law, federal or state law, and military regulations — do not give notice that viewing child pornography could be charged as a separate crime. United States v. Vaughan, 58 M.J. 29, 31 (C.A.A.F.2003). However, the Vaughan factors do not provide an exhaustive list and meeting those factors is not the only avenue through which a party could receive fair notice as to the criminality of an offense under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). I would not rule out the possibility that, under certain circumstances, other factors including the elements, custom and common sense could have put a reasonable servicemember on notice that viewing child pornography was of a nature to be service discrediting, especially where viewing involved actions akin to the possession of child pornography. The notice problem in this case is that Appellant was charged with possessing and viewing the same child pornography, and in that context, he was not on notice as to what distinct criminal conduct was included within the viewing specification that was not subsumed within or implied by the possession specification.